[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: October 27, 1994 Date of Application: October 27, 1994 Date Application Filed: November 2, 1994 Date of Decision: April 25, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham, G. A. 11, Docket No. CR92-81625.
Paul Heller, Esq., Defense Counsel, for Petitioner.
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The record indicates that on August 31, 1993, Petitioner was convicted of possession of narcotics in violation of General Statutes § 21a-179a and failure to appear in the first degree in violation of § 53a-172. As a result of such conviction, a total effective sentence of seven years execution suspended and probation for three years was imposed. An alternative incarceration plan was included as a part of petitioner's probation. This plan included a requirement that petitioner enter and complete the six-month AIC program in Windham. It was also required under the plan that petitioner neither use nor possess any illegal drug, submit to urinalysis on demand and that a positive urinalysis would be a violation of his probation.
While on this probation, petitioner tested positive for cocaine on three occasions and was discharged from the AIC for failing to report on five separate occasions. CT Page 5544
Petitioner was arrested on a warrant charging violation of probation. The matter was set down for hearing on the violation of probation charge. At that time, a plea agreement was worked out with the State and the case was continued to another date. Petitioner failed to appear in court on that date.
On August 27, 1994, petitioner entered a plea of guilty to failure to appear and admitted to the charge of violation of probation. On the violation of probation charge, a sentence of 54 months was imposed and a concurrent sentence of one year was imposed on the failure to appear. The total effective sentence was 54 months.
Petitioner's attorney requested that the sentence be reduced. He claimed that the sentence was excessive. The attorney argued that the three year sentence which had been a part of the original plea agreement would be more appropriate. Speaking on his behalf, petitioner also requested a reduction in the sentence. He pointed out that the violation of probation was merely for using narcotics and that he was not thinking at the time. Petitioner also stated that his family was suffering as a result of his confinement.
The state's attorney argued against any reduction saying that the sentence as imposed was fair. He also pointed out that petitioner failed to appear in court to take advantage of the plea agreement and thereby committed an additional violation of the law.
Petitioner has seven prior criminal convictions on his record. Petitioner was shown great leniency for the conviction which resulted in his probation. Specific conditions of probation were laid out for petitioner to follow. The record indicates that petitioner flagrantly violated the terms of his probation. The sentence imposed was much less than the total suspended sentence which he could have received for such violations.
Under the circumstances of this case, it cannot be found that the sentence was inappropriate or disproportionate in light of the nature of the offense and the character of the petitioner. The sentence should not be modified.
Sentence confirmed. CT Page 5545
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, Klaczak, and Norko participated in this decision.